## DOOLITTLE v. KNOBELOCH et al.

(District Court, D. South Carolina.  June 14, 1889.)

ADMIRALTY—JURISDICTION.

    A claim against the owner of a vessel for services in purchasing her, and in traveling on her, looking after the owner's interests, but having no control over or concern in the navigation of the vessel, and for advances to the master and vessel as the owner's agent, is not within the jurisdiction of admiralty.

In Admiralty.  Libel for services and advances by Alvin Doolittle against William Knobeloch, owner of steamer Bellevue, and the steamer Bellevue.

*Trenholm & Rhett*, for libelant.

*W. J. Gayer* and *Mitchell & Smith*, for respondent.

SIMONTON, J.  The libel sets up a claim against the steamer *in rem* and her owner, the respondent, *in personam*, for services and advances. The services were going to New York as the agent of Knobeloch, and purchasing for him the steamer Bellevue, and coming in her on her voyage from New York to Charleston, looking generally after the interests of the owner; not, however, having any control or concern in the navigation of the vessel.  The advances consist of cash to the master from time to time, and moneys paid for supplies to the steamer, pilotage, and dock fees.  The libel was amended by striking out all claim *in rem* on the steamer.  Respondent excepts to the jurisdiction of the court.  The jurisdiction in admiralty depends primarily upon the nature of the contract, and is limited to contracts, claims, and services purely maritime, and touching rights and duties appertaining to commerce and navigation.  *The Jefferson*, 20 How. 393.  It is not easy to get an exact definition of the term "maritime contract."  It is far easier to say what is not a maritime contract.  "The true criterion," says that eminent jurist, Mr. Justice BRADLEY, "is the nature and subject-matter of the contract, as whether it has reference to maritime services or maritime transactions." *Insurance Co.* v. *Dunham*, 11 Wall. 1.  Mr. Browne, in his work on Civil and Admiralty Law, (volume 2, page 82,) asks the question: "What contracts should be cognizable in admiralty?" and answers it: "All contracts which relate purely to maritime affairs."  "Maritime contracts are such as relate to commerce and navigation," says Justice CLIFFORD.  *The Orpheus*, 2 Cliff. 29.  The English courts limit courts of admiralty by the locality of the contract.  Our courts look to the subject-matter. *De Lovio* v. *Boit*, 2 Gall. 398.  But "to be a maritime contract, * * * it is not enough that the subject-matter of it, the consideration, the service, is to be done on the sea.  It must be in its nature maritime.  It must relate to maritime affairs.  It must have a connection with the navigation of the ship, with her equipment or preservation, or with the maintenance or preservation of the crew, who are necessary to the navigation and safety of the ship.  Thus a carpenter, a surgeon, a steward, though

not strictly mariners or seamen, may all sue for their wages in the admiralty because they contribute in their several ways to the preservation and support of the vessel and her crew." *The Farmer*, Gilp. 531. The charge for services in purchasing the steamer cannot be entertained in this court. It does not spring from a maritime contract. A ship-broker cannot sue in admiralty for services in procuring a charter-party, as they do not arise out of a maritime contract. *The Thames*, 10 Fed. Rep. 848. Nor do the services of an agent in soliciting freight come within this category. *The Crystal Stream*, 25 Fed. Rep. 575. Nor is a contract for building a ship, (*Cunningham* v. *Hall*, 1 Cliff. 43,) nor for furnishing materials for building a ship, (*The Orpheus*, 2 Cliff. 29,) a maritime contract. The underlying principle is this: All these are preliminary services leading to a maritime contract. They do not constitute in themselves a maritime contract. Of the same character is the purchase of a vessel. See *Edwards* v. *Elliott*, 21 Wall. 532. The service in the purchase of the steamer in this case was not a maritime contract.

The claim for advances made to the master and steamer do not come within our jurisdiction. "Admiralty has no jurisdiction over an account between the agent of a steam-boat and its owners for moneys paid for its use." *Minturn* v. *Maynard*, 17 How. 477; *White* v. *Dollars*, 19 Fed. Rep. 848; Hen. Adm. p. 135, § 47; *Bank* v. *The Charles E. Page*, (MS. Cir. Ct. South Carolina, Dec. 1886.) The same conclusion must be reached with regard to the claim for services in coming on the steamer from New York. He was not master, pilot, officer, engineer, fireman, or one of the crew. He only stood for the owner,—a privileged passenger. His service was not in its nature maritime, did not relate to maritime affairs, had no connection with the navigation of the steamer, nor with her equipment or preservation or with the maintenance or preservation of the crew. The libel is dismissed for want of jurisdiction. No decree can be made as to costs. *Railway Co.* v. *Swan*, 111 U. S. 387, 4 Sup. Ct. Rep. 510; *Blacklock* v. *Small*, 127 U. S. 105, 8 Sup. Ct. Rep. 1096; *Mayor* v. *Cooper*, 6 Wall. 250. Each party is responsible to the officers of the court for costs incurred at his instance.