THE LINDRUP.

INMAN v. THE LINDRUP.

(District Court, D. Minnesota, Fifth Division. November 22, 1895.)

No. 37.

1. RES JUDICATA—TERRITORIAL JURISDICTION OF DISTRICT COURT.
    A marshal seizing a tug under monition in a suit in rem in the district court of Minnesota returned that the seizure was made "in the open waters of Lake Superior, about 3,000 feet from the pier at Sault Ste. Marie, Michigan." A motion was made to discharge the vessel for want of jurisdiction to make the seizure at the place where it was made. The court overruled the motion, for the reason that the seizure was made in the open waters of Lake Superior, without referring to the further return that it was made 3,000 feet from the pier at Sault Ste. Marie. Held, that the question whether the place stated, namely, 3,000 feet from the pier at Sault Ste. Marie, was within the territorial limits of the jurisdiction of the court, was not res judicata, and that the same might afterwards be raised by a plea to the jurisdiction.

2. COURTS—TERRITORIAL JURISDICTION—SEIZURE IN ADMIRALTY—CONTRADICTING MARSHAL'S RETURN.
    An unnecessary statement in the marshal's return as to the place of seizure of a vessel under a monition in a suit in rem is not conclusive of the court's jurisdiction over the res, and it may be shown by testimony under a plea to the jurisdiction that the seizure was in fact made outside the territorial jurisdiction of the court.

3. PLEADING IN ADMIRALTY.
    It is proper practice in admiralty to embrace a plea to the jurisdiction with an answer to the merits.

4. COSTS IN ADMIRALTY—DISMISSAL FOR WANT OF JURISDICTION.
    Where a suit in rem in admiralty is dismissed because the court has no jurisdiction over the res, the court can make no decree as to costs. Each party is responsible to the officers of the court for costs incurred at his instance.

A libel in rem against the tug Lindrup was filed July 11, 1894, a monition issued, and the vessel seized, according to the marshal's return, "in the open waters of Lake Superior, about 3,000 feet from the pier at Sault Ste. Marie, Michigan." The St. Mary's river, at Sault Ste. Marie, forms the common boundary between the state of Michigan and the dominion of Canada, so that a point 3,000 feet from the pier where the vessel was seized in fact may be within the territorial limits of either Michigan or Canada. Before the claimant appeared and filed an answer, a motion was made to discharge the tug for want of jurisdiction to seize it where it was seized; and, this motion coming on for hearing before Judge Williams, he dismissed it, and sustained the jurisdiction of this court to entertain the suit, for the reason that the seizure of the vessel was made in the open waters of Lake Superior. 62 Fed. 851. There is no reference in the opinion of the judge to the further fact

stated in the return of the marshal that the seizure was made 3,000 feet from the pier at Sault Ste. Marie. The answer filed by claimant contains the substance of a plea in abatement and in bar of the jurisdiction of the court. It also alleges that the tug was seized outside of the jurisdictional limits of the district court of Minnesota, and denies that the matters in the libel are within the admiralty jurisdiction of the court. Testimony was taken under stipulation and order of reference, and the referee reported that the tug was seized on Sunday, July 15, 1894, at a point in the St. Mary's river, in the state of Michigan, not more than 3,000 feet westward of the south pier light at St. Mary's river canal; that it was taken to the dock, and tied up; that possession was demanded of the tug on Monday, July 16th, which was refused, and the vessel was then brought by the marshal to Duluth, in this district.

White & McKeon, for libelant.
John Jenswold (M. C. Krause, of counsel), for defendant.

NELSON, District Judge (after stating the facts). It is the locality where the vessel was seized which must determine the jurisdiction of this court over the res in the case at bar. In the view I take of the case, it will be necessary to examine only the question of jurisdiction. It is urged that this question was settled by Judge Williams upon the motion before him, and is now res adjudicata; and, further, that the effort of claimant to attack the jurisdiction of the court at this time can succeed only by permitting him to dispute and contradict the return of the marshal, which should not be allowed. I do not think the question now presented is res adjudicata, as it was not passed upon by Judge Williams. He did not expressly hold that the point stated by the marshal in his return as to where he seized the tug, to wit, 3,000 feet from the pier at Sault Ste. Marie, was within the territorial limits of the jurisdiction of the district court of Minnesota; but only that the open waters of Lake Superior were within its jurisdiction. Neither does it follow that to permit a plea to the jurisdiction to be filed, and testimony to be taken thereunder to show that the tug was seized outside of the jurisdiction of this court, contradicts the marshal's return. The supposed difficulty in this case has arisen from the fact that the marshal, not satisfied with making a return that he had attached the tug in obedience to the monition, states, in addition, that the place where he made the seizure was within the open waters of Lake Superior, which statement was a conclusion that the marshal was not authorized to find. Manifestly, it would be unjust to hold that a return not necessary to be made, in respect to the place of seizure, could give the court jurisdiction of the res, and leave the claimant remediless, except by suit against the marshal. The court decides the question of jurisdiction, and not the marshal. The duty of the latter is to obey the monition, and he has no power to preclude the examination of a jurisdictional question by an unauthorized statement in his return. The libelant pursued the proper course in embracing a plea to the jurisdiction of the court with his answer to the merits. Ben. Adm. (2d Ed.) § 368. On the pleadings and proof the plea must be sustained, and the libel dismissed, for want of jurisdiction. No decree can be made as to costs. Each party is responsible to the officers of the court for costs incurred at his instance. Doolittle v. Knobeloch, 39 Fed. 40, and cases cited; The Hungaria, 41 Fed. 112. Let a decree be entered accordingly.