**NORMAN K. BROWN and SANDRA A. BROWN, Plaintiffs**

**v.**

**MOTOR VESSEL "NUMERO UNO" and its appurtenances and RICHARD M. WOODFIN, Defendants**

Civil No. 83-28

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 25, 1983

DIANE MARTIN POMPER, ESQ., St. Thomas, V.I., *for plaintiff*

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for defendant*

MARSHALL A. BELL, ESQ., St. Thomas, V.I., *for applicant for intervention*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

David E. Cook has requested leave to intervene in this action for breach of contract and conversion arising out of the sale of a motor vessel. Cook's proposed complaint alleges a commission or finder's fee owed to him by defendant Woodfin under an oral contract whereby defendant allegedly agreed to compensate Cook if the latter found a vessel agreeable to Woodfin and Woodfin subsequently purchased that vessel.

The memorandum of law in support of the motion is naked ipse dixit: "Under Rule 24 of the Federal Rules of Civil Procedure, entitled 'Interventing' [sic] this request for leave to intervene is proper and should be allowed by this Court." Defendant Woodfin has objected to this motion on the ground that "the applicants [sic] claim and the main action have no question of law or fact in common." Responding to this objection the aspiring intervenor suggests that "the two claims involve the common question of law of whether a contract was entered [sic] by the plaintiff and the defendant."

■ Movant is mistaken. The existence of a contract is not at issue in this action. Defendant has admitted in his answer that on or about July 7, 1982, defendant by his attorney entered into a "Purchase and Sale Agreement" with plaintiff Sandra Brown whereby defendant agreed to purchase the motor vessel "Numero Uno" for $175,000. Nor is the existence of an oral contract between Cook and Woodfin at issue here. Applicant has not suggested, nor can we imagine, any other factual or legal issue which applicant's claim has in common with this action. Permissive intervention is thus precluded. Fed. R. Civ. P. 24(b).

■ Movant contends, however, that he is entitled to intervene as of right under Fed. R. Civ. P. 24(a) (2). Rule 24(a) (2) provides for intervention of right only where "the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." Fed. R. Civ. P. 24(a) (2). While the courts have not formulated a precise definition of the nature of the "interest relating to the property or transaction which is the subject of the action" necessary for intervention as of right, it is clear that "the intervenors' claim must . . . bear a sufficiently close relationship to the dispute between the original litigants." 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶24.07[2] (2d ed. 1982). Thus, it is said that "[t]o intervene as a matter of right, [the applicant] must establish an 'interest', under Rule 24, that is direct, non-contingent, substantial and legally protectable." Dilks v. Aloha Airlines, Inc., 642 F.2d 1155, 1156 (9th Cir. 1981).

In a memorandum long on conclusions and short on supporting argument, movant contends that he "clearly claims an interest relating to the property or transaction which is the subject of the action" and that "all other requirements for intervention as of right under the Rule 24(a) (2) are present." He suggests, however, only one such interest and does not even address the other requirements of the rule.

■ Movant contends that his claim to a commission on the sale of the vessel gives rise to a maritime lien which, in turn, constitutes a claim to the property involved in this action. It is well established, however, that a maritime lien does not arise out of a contract "which inure[s] solely to the benefit of the shipowner" as distinguished from the vessel itself. 2 A. Sann, S. Bellman & B. Chase, Benedict on Admiralty § 37 n.8 (7th ed. 1982). See generally Goumas v. K. Karras

370

& Son, 51 F.Supp. 145 (S.D.N.Y. 1943), aff'd, 140 F.2d 157 (2d Cir.), cert. denied, 322 U.S. 734 (1944). Thus, the prevailing rule has long been that a contract for the sale of a vessel is not a maritime contract. See, e.g., Richard Bertram & Co. v. Yacht, Wanda, 447 F.2d 966, 967 (5th Cir. 1971); 1 E. Jhirad & A. Sann, Benedict on Admiralty § 187 (7th ed. 1981). Indeed, it has been squarely held that a contract for services rendered in the purchase of a vessel does not give rise to a claim in admiralty. Doolittle v. Knobeloch, 39 F. 40 (D.S.C. 1889). There, Doolittle travelled to New York as agent for Knobeloch, purchased a steamer on the latter's behalf, returned with the vessel on her voyage to Charleston, looking generally after the interests of the owner, and made certain cash advances for supplies, pilotage, and dock fees. In concluding that there was no maritime contract the court observed:

> [Doolittle] was not master, pilot, officer, engineer, fireman, or one of that crew. He only stood for the owner, — a priviledged passenger. His service was not in its nature maritime, did not relate to maritime affairs, had no connection with the navigation of the steamer, nor with her equipment or perservation or with the maintenance or preservation of the crew.

Doolittle v. Knobeloch, 39 F. at 41. Similarly, the alleged oral contract between movant and defendant Woodfin is not in its nature maritime. Indeed, the services allegedly rendered by Cook are even further removed from those traditionally deemed maritime than those rendered by Doolittle. Whereas Doolittle apparently consummated the sale of a vessel, protected the interests of the owner thereof during a lengthy ocean voyage, and made cash advances for essential supplies and services, Cook alleges only that he located a vessel and introduced a prospective buyer to its owners and their agents. The contract Cook alleges does not relate to maritime affairs. It does not have a connection with navigation of a vessel, with her equipment or preservation or with the maintenance or preservation of the crew. Cook's contractual dispute simply does not sound in admiralty. A fortiori, a claim on the contract does not give rise to a maritime lien and thus movant lacks a colorable claim to a proprietary interest in defendant vessel.

██ While a colorable claim to a proprietary interest in the vessel might have placed movant in a situation such that "the disposition of [this] action [might] as a practical matter impair or impede his ability to protect [his] interest,"[1] movant has not suggested any

---

[1] We obviously do not decide this question.

371

persuasive argument as to how any conceivable disposition of this action might impair movant's ability to prosecute his claim against defendant Woodfin in an independent action. That a judgment for plaintiffs in this action may reduce defendant's assets making it perhaps more difficult to collect against defendant upon a subsequent judgment is simply not the sort of impediment or impairment of movant's ability to protect his interests contemplated by Rule 24(a) (2). See, e.g., Hawaii-Pacific Venture Capital Corp. v. Rothbard, 564 F.2d 1343, 1346 (9th Cir. 1977); 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶24.07[3].

Movant has failed to identify any question of law or fact which his claim has in common with the instant action Fed. R. Civ. P. 24(b) (2). He has failed to make any claim to "an interest relating to the property or transaction which is the subject of [this] action" which, as a matter of law, may be recognized by this Court. Movant has failed even to suggest that "the disposition of this action may as a practical matter impair or impede his ability to protect" any interest he may have. Fed. R. Civ. P. 24(a) (2). His motion for leave to intervene must perforce be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of David E. Cook for leave to intervene in this action be, and the same is, hereby DENIED.