## In re D.R.L., INC., Debtor.

## CAPITAL GROWTH ADVISORS, INC., Plaintiff,

v.

## D.R.L., INC., Defendant.

### Bankruptcy No. 88–00781.
### Adv. No. 88–0074.

United States Bankruptcy Court, D. Rhode Island.

Jan. 17, 1990.

Allan M. Shine, Gregory Hamilton, Winograd, Shine & Zacks, P.C., Providence, R.I., for plaintiff.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, JR., Bankruptcy Judge.

Heard on January 3, 1990, on the Motion of the Trustee to Charge Garnishee, the Bank of New England, requesting the turn over of funds in its (BNE's) possession. In opposition to the Trustee's motion, Capital Growth Advisors, Inc., has filed a Motion for Clarification of our Order dated September 8, 1989, 103 B.R. 379, requesting the Court to declare that the "[d]efendant may only proceed against Capital Growth Advisors, Inc. in the collection of its judgment." [1]

The focus of the present dispute involves the defendant's failure, either at trial or any time prior thereto, to join Capital Growth Companies, Inc., the parent company of plaintiff Capital Growth Advisors, Inc., as a party to A.P. 88-0074. In our September 8, 1989 decision and order, in footnote 3, we acknowledged and attempted to deal with the dilemma which is again before us:

> Although this contract is in the name of Capital Growth Companies (not Capital Growth Advisors) the parties have con-

---

1. A second issue raised was DRL's ability to garnish accounts in the name of Capital Growth Advisors as agent for another entity. The par-

ties are attempting to resolve this issue between themselves, and we will defer ruling on this aspect of the motion until requested to do so.

sistently treated these two corporate entities as one and the same throughout the pendency of this proceeding. Because neither party raised the corporate identities as an issue, we join the parties in treating the "Capital Growth" companies as a single entity in this litigation.

■ The Trustee urges that, in the exercise of our discretion pursuant to Fed.R. Civ.P. 60(a), we rule that a clerical or technical mistake was made in failing to join Capital Growth Companies as a party, that both corporate entities (Capital Growth Advisors, Inc. and Capital Growth Companies, Inc.) were treated as one throughout the litigation, and that the parties proceeded knowingly under a "single entity" assumption during this proceeding. Upon reconsideration, however, it is our conclusion that we are not authorized, at this late point in time, to make such rulings, nor was it the intent of our September 8, 1989 decision to do so. In that opinion, footnote 3 was included for the very limited purpose of recognizing the inconsistency of the named parties in the two contracts (Defendant's Exhibit A and Plaintiff's Exhibit 1), which discrepancy, incidently, was not addressed by either party at any time during the proceeding. Nevertheless, we found as a fact, after hearing, that the parties to the present litigation, Capital Growth Advisors, Inc. and DRL, had agreed to a contract price of $921,500, as it appeared in the December 1986 contract, regardless of the identities of the named parties to the contract. More simply, by acquiescing in the reference to Capital Growth Companies, Inc. in the December, 1986 contract, and considering all the other evidence introduced as to the $921,500 contract price, we concluded that Capital Growth Advisors, Inc. and DRL agreed that the contract price entered into *between them* was in the amount of $921,500, and not $843,000, as contended by Capital Growth Advisors, Inc. We did not intend by making that finding, however, nor were we authorized, to enter judgment against Capital Growth Companies, Inc., which is not a party to this proceeding. While it is true that many of the same principals are involved in both corporations, Capital Growth Advisors, Inc.

and Capital Growth Companies, Inc., this alone is insufficient as a basis to ignore the separate corporate identities of the two corporations.

■ Furthermore, there is nothing technical, as the Trustee contends, about the failure to join what he now insists is an indispensable party to this litigation, and the argument that such omission can be remedied by the application of Fed.R.Civ.P. 60(a) is rejected. Rule 60(a) is intended to correct clerical or mathematical mistakes, and may not be used to cure the fatal omission to join a party. "Rule 60(a) applies only to an error of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification." 6A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 60.06[3] pg. 60–44 (2d ed. 1987). In short, this Court does not have the authority to grant the relief requested by the Trustee.

Equally as important, this Court is unwilling to send a signal that, in the interest of expediency, the observation of procedural rules and substantive principles of law should or may be overlooked.

Therefore, our September 8, 1989 decision is clarified to reflect that judgment is entered only against Capital Growth Advisors, Inc.

Enter Judgment accordingly.