**SEBASTIANA ROSA, Plaintiff**
**v.**
**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Defendant**

Civ. No. 389/1994

Territorial Court of the Virgin Islands

Div. of St. Croix

April 26,1995

RICHARD H. HUNTER, ESQ., St. Croix, U.S.V.I., *for plaintiff*

CATHY M. SMITH, ESQ., St. Thomas, U.S.V.I., *for defendant*

ALAN D. SMITH, ESQ., St. Thomas, U.S.V.I., *for applicant for intervention*

STEELE, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Motion to Intervene filed by the Virgin Islands Public Services Commission (hereinafter "P.S.C."). For the reasons stated herein, the P.S.C.'s motion to intervene will be DENIED.

## FACTS

Plaintiff filed this complaint alleging that the Virgin Islands Water and Power Authority (hereinafter "WAPA") sent her the wrong water bills for more than thirty (30) years. WAPA moved to dismiss this action contending that plaintiff failed to exhaust her administrative remedies and that the P.S.C. is the proper forum for resolution of this complaint. In a Memorandum Opinion and Order dated November 2, 1994, this Court denied WAPA's motion to dismiss and found that the P.S.C. does not have jurisdiction to hear this complaint.

The P.S.C. now moves for leave to intervene in this action pursuant to Rule 24(a)(2) and (b)(2) of the FEDERAL RULES OF CIVIL PROCEDURE. The P.S.C. contends that it is entitled to intervene as a matter of right pursuant to Rule 24(a)(2) of the FED. R. CIV. P. because the P.S.C. has a sufficient interest in this action and the disposition of this action may impair or impede that interest. Alternatively, the P.S.C. seeks leave to intervene pursuant to the permissive intervention provisions of Rule 24(b)(2) of the FED. R. CIV. P.

Plaintiff filed an opposition to the P.S.C.'s motion to intervene. Plaintiff argues that there is no basis for the P.S.C.'s contention that it has an interest in this matter and that plaintiff would be prejudiced if intervention was granted. To date, defendant has not filed any response to the motion for intervention.

## ANALYSIS

Intervention is governed by Rule 24 of the FEDERAL RULES OF CIVIL PROCEDURE. "The purpose of FED. R. CIV. P. 24 is to enable a person not named as a party to a lawsuit, but who has a *direct,*

*substantial and legally protectable interest* in the subject matter of the proceedings, to intervene and thus protect himself from an action that might be detrimental to him." *Osmond Kean, Inc. v. Grosvenor,* 22 V.I. 71, 77 (Terr. Ct. 1986) (emphasis added). Rule 24 has always undertaken to distinguish between two kinds of intervention: (1) intervention of right; and (2) permissive intervention. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D, § 1902 (1986). When an applicant satisfies the criteria for intervention under subdivision (a), Rule 24 provides that an applicant "shall be permitted to intervene." Subdivision (b) invokes the discretion of the court and provides that an applicant "may be permitted to intervene" if certain criteria are met.

A. *Intervention As of Right.*

The P.S.C. contends that it is entitled to intervene as of right pursuant to Rule 24(a)(2) of the FED. R. CIV. P. Rule 24(a)(2) provides for intervention as of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Third Circuit ruled that an applicant is entitled to intervene as of right pursuant to Rule 24 if the following requirements are met:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Brody By And Through Sugzdinis v. Spang,* 957 F.2d 1108, 1115 (3d Cir. 1992) (citing *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir.), *cert. denied,* 484 U.S. 947 (1987)). This Court will consider *seriatim* each of the requirements set forth by the Third Circuit in *Brody.*

The first requirement is that the application for intervention must be timely. The P.S.C. contends that its application is timely

because "there has not been substantial litigation with respect to the merits of the claim."[1] Plaintiff argues that she would be prejudiced if intervention was granted because of the "time which has transpired, the extensive motion and discovery practice which has taken place, and the undoubtedly extended period of time it will take for a Government agency to consider this matter."[2]

∎ The timeliness requirement is a flexible one and therefore it is left to the sound discretion of the court. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D, § 1916 (1986). "The requirement of timeliness is not a means of punishment for the dilatory and the mere lapse of time by itself does not make an application untimely. The court must weigh the lapse of time in light of all the circumstances of the case." *Id*. Plaintiff filed this complaint on April 27, 1994 and the P.S.C. filed its motion to intervene on March 16, 1995, which is a lapse of approximately eleven (11) months. The P.S.C. offered no explanation as to why it did not attempt to intervene earlier in this matter. After considering the lapse of time and the proceedings thus far, this Court finds that the motion to intervene is untimely. This Court referred the parties to mediation on March 7, 1995 and allowing the P.S.C. to intervene would certainly delay the mediation process. Additionally, this Court is not persuaded that the P.S.C.'s involvement in this action will contribute to the mediation of plaintiff's complaint or to this matter in general. Indeed, allowing the P.S.C. to intervene would most likely complicate the mediation of this matter. Therefore, this Court finds that the P.S.C.'s motion to intervene is untimely.

∎ Although the P.S.C.'s motion to intervene is untimely, this Court will consider whether the P.S.C. met any of the other requirements for intervention. The second requirement is that the applicant must have an interest in the litigation. The nature of the interest that must be established is one that is "direct, non-contingent, substantial and legally protectable." *Brown v. Motor Vessel "Numero Uno"*, 20 V.I. 368, 370 (D.V.I. 1983). The P.S.C.

---

[1] P.S.C.'s Memorandum of Law in support of Motion to Intervene at p. 2.

[2] Plaintiff's Opposition to Motion to Intervene at p. 4.

contends that it has a sufficient interest in the litigation because it has a statutory duty pursuant to 30 V.I.C. §§ 4, 20 and 23 to regulate public utilities and this complaint is within the scope of the P.S.C.'s duties. The P.S.C. cited several decisions wherein the courts found that a government official had a sufficient interest to intervene because the matter was within the scope of the official's duties. However, this Court previously found that plaintiff's complaint is not within the scope of the official duties of the P.S.C.[3] Therefore, the cases cited by the P.S.C. are distinguishable from the case at bar.

The P.S.C. also alleges that it has an interest in this matter because 30 V.I.C. § 23 authorizes the P.S.C. to investigate and fix services provided by public utilities. The Memorandum of Law submitted by the P.S.C. contends that "[T]he allegations in plaintiff's complaint clearly allege deficits in WAPA's capacity to provide reasonable service to its customers. It is precisely complaints of this type that the Commission is empowered, not to mention best situated, to investigate and resolve either informally or formally."[4] Although the P.S.C. has the power to investigate and correct the services provided by WAPA, plaintiff's complaint does not present a dispute about WAPA's services. Rather, plaintiff alleges that WAPA made an error in billing her for water and she seeks an accounting and refund of those sums. Plaintiff's action is properly before this Court and neither WAPA nor the P.S.C. have established that the Legislature gave jurisdiction to the P.S.C. to handle this type of matter. Therefore, the P.S.C.'s power to investigate and fix WAPA's services does not give the P.S.C. an interest in this litigation. Accordingly, this Court finds that the P.S.C. did not establish that it has a direct, non-contingent, substantial and legally protectable interest relating to the property or transaction which is the subject of this action.

■ The third and fourth prongs of the test articulated by the Third Circuit in *Brody* are intertwined with the second prong regarding the applicant's interest. The third prong of the test examines whether the applicant's interest may be affected or

---

[3] *See* this Court's November 2, 1994 Memorandum Opinion at p. 4.

[4] P.S.C.'s Memorandum of Law at p. 4.

impaired by the disposition of the action and the fourth prong analyzes whether the applicants interest is adequately represented by an existing party in the litigation. *Brody*, 957 F.2d at 1115. Therefore, it necessarily follows that an applicant for intervention must first establish an interest in the litigation before attempting to establish the third and fourth prongs of the test. *Id.* at 1122. Since the P.S.C. failed to establish an interest in this litigation, the P.S.C. cannot establish that the third and/or the fourth prongs of the test have been satisfied. Accordingly, the P.S.C. is not entitled to intervene in this action as a matter of right pursuant to Rule 24(a)(2) of the FED. R. CIV. P.

## B. *Permissive Intervention*

■ Alternatively, the P.S.C. seeks leave for permission to intervene in this action pursuant to Rule 24(b)(2) of the FED. R. CIV. P. Intervention under Rule 24(b) is wholly discretionary and even though the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D, § 1913 (1986).

■ The first decision that must be made when considering any motion for intervention is whether or not the motion is timely. *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D, § 1916 (1986). As discussed *supra*, this Court finds that the P.S.C.'s motion to intervene is untimely. Although the P.S.C.'s motion is untimely and therefore the motion can be denied solely on that basis, this Court will consider whether the P.S.C. satisfied any of the other requirements for permissive intervention.

The P.S.C. seeks leave to intervene pursuant to Rule 24(b)(2) which provides in pertinent part that:

> When a party to an action relies for ground of claim or defense upon any statute or executive order, administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The P.S.C. contends that it should be granted leave to intervene under Rule 24(b)(2) as a government agency that is charged with the statutory duty and authority to regulate and fix rates and services provided by public utilities. However, the P.S.C. did not establish that either party relies for a claim or defense upon any statute or executive order administered by the P.S.C., or upon any regulation, order, requirement, or agreement issued or made pursuant to that statute or executive order.[5] Therefore, the P.S.C. failed to satisfy the second requirement for intervention under Rule 24(b)(2). The final requirement under Rule 24(b)(2) is whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. As discussed *supra*, allowing the P.S.C. to intervene would unduly delay and complicate the ordered mediation of this matter. Therefore, the third requirement for intervention under Rule 24(b)(2) has not been met. Accordingly, this Court will not permit the P.S.C. to intervene in this matter.

## CONCLUSION

This Court finds that the P.S.C. is not entitled to intervene in this matter as of right because the motion is untimely. Additionally, the P.S.C. does not have a direct, substantial and legally protectable interest in the subject matter of the proceedings. The P.S.C.'s alternative request for permissive intervention will not be allowed because the P.S.C. did not satisfy any of the requirements for intervention pursuant to Rule 24(b)(2) of the FED. R. CIV. P.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the Virgin Islands Public Services Commission's Motion to Intervene in this action is DENIED.

DONE AND SO ORDERED this 26th day of April, 1995.

---

[5] As fully discussed *supra* as well as in this Court's November 2, 1994 Memorandum Opinion, the P.S.C. does not have jurisdiction to hear this type of case. This case does not present a dispute about rates or services, which are subjects that the P.S.C. has jurisdiction to handle. Rather, this case presents an alleged error in billing and the matter is properly before the Territorial Court.