# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2985

_____

United States of America,     *
     *
     Appellee,     *
     *     Appeal from the United States
     v.     *     District Court for the
     *     District of North Dakota.
James J. Mosbrucker; Margaret     *
Mosbrucker;     *     [PUBLISHED]
     *
     Appellants,     *
     *
State of North Dakota; Peter Hulm;     *
S & M Company; J and S Mobil     *
Homes Service, Inc., a corporation;     *
Robert F. Holt, doing business as     *
Credit Adjusters, Inc.; Mandan     *
Community Center; Ray Hoffman;     *
Terry Gimbel; Melvin Jahner;     *
Community Credit Union, of Bismarck;     *
United Accounts, Inc., a corporation;     *
Ed Van Beek; Gray Oil Company, a     *
corporation; Mack & Associates, Inc.,     *
a corporation; Dakota Credit, Inc., a     *
corporation; John Sullivan, doing     *
business as Cannonball Ranch; James     *
Massett; Northwest Tire, Inc., a     *
corporation; Security State Bank, of     *
New Salem; Bank Center First; Roger     *
Hatzenbuehler,     *
     *
     Defendants,     *

No. 02-3347

_____

| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| | * |
| v. | * |
| | * |
| James J. Mosbrucker; Margaret | * |
| Mosbrucker, | * |
| | * |
| | * |
| Appellants, | * |

_____

No. 02-3401

_____

| James J. Mosbrucker; Margaret | * |
| Mosbrucker, | * |
| | * |
| Appellants, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted:  July 17, 2003
Filed:  August 22, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In these three consolidated appeals, James and Margaret Mosbrucker (Mosbruckers) appeal the district court's[1] orders (1) denying the Mosbruckers' Federal Rule of Civil Procedure 60(b) motion to vacate the foreclosure sale of their property; (2) amending a March 24, 1997 judgment; (3) ordering the Mosbruckers' eviction; and (4) granting the government summary judgment on the Mosbruckers' complaint seeking to set aside a previous summary judgment order. We affirm.

**Rule 60(b) Motion**

After the Mosbruckers defaulted on a farm loan secured by a mortgage on their farm, the government began foreclosure proceedings against them in 1996. The district court granted the government summary judgment and ordered a foreclosure sale in March 1997. After lengthy legal proceedings, a foreclosure sale occurred in August 2001, and the court confirmed the sale in September.

In late December 2001, the Mosbruckers moved under Rule 60(b)(3), (5), and (6) to set aside the sale, contending the government had not met procedural requirements or given them notice at various points during the foreclosure process. The court denied relief on timeliness and other grounds. We affirm the denial of relief.

The Mosbruckers did not appeal from the order confirming the foreclosure sale, nor did they file their Rule 60(b) motion within the time to appeal, and all of the arguments in support of their Rule 60(b) motion could have been raised in a timely

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

appeal. Because a Rule 60(b) motion may not substitute for a timely appeal, we find no abuse of discretion in the district court's denial of relief. See Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002) (standard of review); Chester v. St. Louis Hous. Auth., 820 F.2d 259, 260 (8th Cir. 1987) (per curiam) (Rule 60(b) provides for relief only under exceptional circumstances and is not intended to substitute for a timely appeal; thus, if the alleged error could have been corrected by appeal, a motion must be made within the time for appeal).

**Motion to Amend Judgment**

In June 2002, the government moved under Federal Rules of Civil Procedure 60(a) and 60(b) to correct an error in the March 1997 judgment granting the government summary judgment. Specifically, the government learned in January 2002 that its original complaint–as well as the subsequent pleadings, the district court's judgment, and the marshal's deed–incorrectly indicated that a thirty-acre portion of the subject property had been partially released, when actually the thirty acres were simply subject to an electric utility easement to which the government had subordinated its mortgage. The court granted the government's order and entered an amended judgment reflecting that the thirty acres were subject to an easement, not a partial release. On appeal, the Mosbruckers argue the government should be held to the language of the deed, because the legal description in the government's complaint was incorrect, the request was untimely, and correcting the error in the legal description would result in the Mosbruckers losing an additional thirty acres of land.[2]

The government's failure to discover its mistake for so many years is disturbing. Yet we cannot conclude that the district court abused its discretion in granting the government's motion. Although the government's motion was untimely

---

[2]The Mosbruckers raise numerous other arguments for the first time on appeal. We decline to address them. See Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 741 (8th Cir. 2002) (declining to consider argument first raised on appeal).

to the extent it invoked Rule 60(b)(1), see Fed. R. Civ. P. 60(b) (Rule 60(b)(1) motion must be made not more than one year after entry of judgment), we agree with the government that relief was proper under Rule 60(a). See Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (Rule 60(a) allows correction of judgment to reflect what was understood, intended, and agreed upon by parties and court). In any case, relief was justified under Rule 60(b)(6). Cf. In re Grand Jury Subpoena Directed to Dakota Cheese, Inc., 923 F.2d 576, 577 (8th Cir. 1991) (affirming denial of Rule 60(b) relief under a different provision of Rule 60(b) than relied on by district court). Among other things, to hold that the government acquired a foreclosure deed to all of the property except for the thirty-acre easement tract would be inconsistent with the recorded documents showing a blanket mortgage, an easement, and a subordination agreement. The Mosbruckers were paid for the utility easement, and they have not shown that they ever believed (prior to the government's Rule 60 motion) they owned the easement property free and clear of the mortgage, or they relied prejudicially on such a belief. The Mosbruckers knew, or should have known, the thirty acres were subject to a utility easement to which the government's mortgage was subordinated, and the thirty-acre easement tract was not partially released. Further, there is no evidence the government acted in bad faith.

**Eviction**

The Mosbruckers also appeal from the district court's grant of the government's eviction petition, arguing (1) the court lacked jurisdiction to evict the Mosbruckers from the thirty-acre easement property, (2) the government fraudulently attempted to evict the Mosbruckers from that property, and (3) the Mosbruckers did not receive due process. Based on our prior discussion, we conclude the court had jurisdiction under 28 U.S.C. § 1345 to order the Mosbruckers' eviction, no fraud was committed by the government, and the Mosbruckers received notice and an opportunity to be heard. See Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (due process).

**Summary Judgment**

Finally, the Mosbruckers appeal from the district court's grant of summary judgment to the government in the Mosbruckers' August 2001 action to set aside the district court's March 1997 summary judgment order. We affirm because the action is barred by res judicata, see Oglala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1411 (8th Cir. 1983); United States v. Mosbrucker, No. 97-2829, 2000 WL 1532993 (8th Cir. October 17, 2000) (per curiam), and because the matters raised should have been timely appealed in 1997, see Chester, 820 F.2d at 260.

**Conclusion**

Accordingly, we affirm the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.