**UNITED STATES OF AMERICA, (Rural Development, formerly Farmers Home Administration), Plaintiff**
**v.**
**AUDREY M.G. SMITH and SIEWDATH SOOKRAM, Defendants**

Civil No. 1999-127

District Court of the Virgin Islands

Division of St. Thomas and St. John

October 19, 2006

JOCELYN HEWLETT, A.U.S.A., St. Thomas, U.S.V.I., *For Plaintiff and moving party.*

BENJAMIN CURRENCE, ESQ., St. Thomas, U.S.V.I., *For Defendant.*

SIEWDATH SOOKRAM, *Pro se.*

GOMEZ, *Chief Judge*

## MEMORANDUM OPINION

(October 19, 2006)

Before the Court are two motions of the Small Business Administration (the "SBA"). The SBA moves the Court to intervene in a matter between the United States ("Rural Development") and Audrey Smith ("Smith") because it claims it has a subordinate lien that was omitted from a foreclosure judgment Rural Development obtained against Smith. The SBA also moves to correct the foreclosure judgment to be included as the third priority lienholder.

## I. Facts

In 1979, Smith began borrowing money from Rural Development. On January 23, 1979, Smith borrowed $37,000 from Rural Development. The loan was recorded on January 24, 1979, and secured by a mortgage on Parcel No. 93 Estate Bolongo, No. 3 Frenchman's Bay Quarter, St. Thomas (the "Property"), which was owned by Smith.

On October 2, 1979, Smith borrowed another $8,000 from Rural Development. This loan was recorded on October 2, 1979, and was also secured by Smith's mortgage.

Smith then borrowed $7,900 from the SBA (the "SBA Loan") on December 14, 1979. This loan was recorded on February 1, 1980, and was also secured by a mortgage on the Property.

On June 4, 1980, Smith borrowed another $8,000 from Rural Development. This note was recorded on June 4, 1980, and secured by a mortgage on the Property.

Smith ceased paying on the balances of the Rural Development loans in 1997.

On July 27, 1999, Rural Development filed a complaint with the District Court for an action of foreclosure on the three loans extended to Smith. Siewdath Sookram ("Sookram") claimed an interest in the Property as a result of a judgment won against Smith on February 4, 1982. Sookram was added as a defendant. The SBA was not added as a party in the suit and it was not served with the complaint. The proposed judgment that Rural Development submitted to the Court did not include the SBA's lien.[1] The SBA lien was not mentioned when summary judgment was entered in favor of Rural Development on February 14, 2002.

The Court's judgment listed Rural Development as the first, second, and third priority lienholder. It listed Sookram as the fourth priority lienholder.

The SBA loan has a current outstanding balance of $11,429, plus a per diem accrual of $0.63 beginning December 22, 2005.

More than six years after the commencement of the Rural Development litigation in 1999, and four years after its disposition in

---

[1]   The SBA and Rural Development are both divisions of the United States government, and are both represented by the same Assistant U.S. Attorney, Jocelyn Hewlett.

2002, the SBA moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). The SBA also requests that the judgment be corrected pursuant to Federal Rule of Civil Procedure 60(a) to include the SBA as third priority lienholder in accordance with Title 28, Section 533 of the Virgin Islands Code.

## II. Discussion

### A. Motion to Intervene

■ The SBA seeks to intervene as a matter of right. Intervention as a matter of right can be granted when

> [u]pon timely application ... the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). The four factors to be examined by the court are timeliness, sufficient interest in the litigation, impairment of the ability to protect the interest, and adequate representation. *Id.*

### B. Motion to Correct Judgment

■ Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") allows for courts to provide parties with relief from judgments that are incorrect due to clerical errors:

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

FED. R. CIV. P. 60(a). The rule "encompasses only errors mechanical in nature, apparent on the record, and not involving a substantive error in judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (citing *Mack Trucks, Inc. v. Int'l Union*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)) (internal citations omitted). To determine whether a clerical error in a judgment can be corrected by applying Rule 60(a), the Court must look to see if the original intention is frustrated by the error. *United*

*States v. Mosbrucker*, 340 F.3d 664, 666 (8th Cir. 2003) (applying Rule 60(a) where Government made error as to level of ownership of property where the correction supplied "what was understood, intended, and agreed upon by parties and court"). The error must be as a result of inadvertence as opposed to a mistake in the exercise of judgment. *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 341 (7th Cir. 2004) (denying application of Rule 60(a) where court incorrectly vacated a default judgment).

### III. Analysis

### A. Motion to Intervene

### 1. Timeliness

In determining whether a motion for intervention is timely, courts first look to the stage of the proceeding in which the motion is made. *Mountain Top, Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369, 33 V.I. 311 (3d Cir. 1995). "A motion to intervene after entry of a decree should be denied except for extraordinary circumstances." *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 500 (internal citations omitted) (denying intervention where applicants sought to redefine "class" in class-action suit, had been denied classification previously, and were untimely in filing); *see also Acree v. Iraq*, 361 U.S. App. D.C. 410, 370 F.3d 41, 49-50 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment ... Post-judgment intervention is often permitted ... where the prospective intervenor's interest did not arise until the appellate stage or where intervention would not unduly prejudice the existing parties"); *Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979) ("[A]n effort to intervene after a case has become final ... presents an extreme example of untimeliness ... when ... the applicants for intervention seek, inter alia, a reopening of the record."); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970) (allowing post-judgment intervention where applicant had a subrogation interest).

The SBA has filed this motion to intervene four years after a final judgment was entered. The SBA did not supply any reasons for the late filing of its motion to intervene. Additionally, the SBA has not demonstrated or implied that there were any extraordinary circumstances

548

present that would warrant determining that its filing was timely. *See Lusardi v. Xerox Corp.*, 975 F.2d 964, 985 n.34 (3d Cir. 1992) ("[A]pplication for intervention was 'grossly untimely,' the proposed intervenors having made no effort to intervene in the nearly three years from the date of class decertification").

■ Second, when determining timeliness, the Court examines the prejudice that the delay of the intervention will cause the current parties to the litigation. *Mountain Top*, 72 F.3d at 369-70 (examining what proceedings of substance on the merits had occurred during the delay and finding no prejudice when no depositions had been taken, no dispositive motions were filed, and no decrees were entered). In the time since this case began over six years ago, the Court entered a final judgment on the merits. The SBA seeks intervention to modify the order of liens in the final judgment. A final judgment is a significant proceeding of substance. The SBA's delay in filing its motion for intervention could significantly prejudice the parties who expected the judgment to be final and would not have anticipated the addition of a new party four years after the judgment was entered.

■ Finally, the Court must look at the reason for the delay. *Mountain Top*, 72 F.3d at 369. The SBA states no reason for filing more than six years from the commencement of case. The SBA also offers no information regarding whether or not it was on notice of the foreclosure action at any earlier time. There is no indication of extraordinary circumstances that would give rise to a finding that the motion's post-decision filing should be considered timely.

■ Due to the finalized stage of the proceeding and inconclusive nature of the reason for the delay, the Court finds that the motion for intervention was untimely.

## 2. Sufficient Interest in the Litigation

■ An applicant for intervention must have an interest that is "significantly protectable;" mere economic interest will not establish sufficient interest to intervene. *Mountain Top*, 72 F.3d at 366. However, if an applicant has an interest in a specific fund subject to the litigation, sufficient interest for intervention may be granted. *Id.* (granting intervention to condominium owners that demonstrated interest in specific insurance fund which was being adjudicated between contractors and condominium owners association where four intervention factors

were met). If sufficient interest is not satisfied the other factors for intervention need not be considered. *Rosa v. Virgin Islands Water & Power Auth.*, 32 V.I. 89, 94 (Terr. Ct. 1995).

The case in which the SBA seeks to intervene determined the order that the lienholders would be paid. Failing to secure a position in the order for disbursement could affect the SBA's ability to recover. Arguably, the SBA may be entitled to money earned from the foreclosure of Smith's property, as in Mountain Top. In that case, the SBA would have an interest in a specific fund disbursed in the litigation, which could qualify as a sufficient interest in the litigation. However, because there has been a final judgment entered, there is no ongoing litigation in which the SBA could have an interest.

### 3. Impairment of Ability to Protect Interest

The statute of limitations for an action upon a contract or liability is six years. V.I. CODE ANN., tit. 5, § 31 (1997). The precise date that Smith ceased to make payments to the SBA is unclear from the documents submitted by the SBA. If more than six years has passed since Smith last paid the SBA, it is possible that they would be barred from bringing a separate suit. *See Bank of Nova Scotia v. St. Croix Drive-In Theatre, Inc.*, 552 F. Supp. 1244, 19 V.I. 319 (D.V.I. 1982) (denying bank's foreclosure on its mortgage because six year statute of limitations had expired). "An applicant need not, however, prove that he or she would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief." *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 980 (3d Cir. 1998) (citing *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)). Generally, an interest is considered impaired if non-intervention will have a *stare decisis* effect on the applicant's claims or if the applicant's rights might be affected. *See Kleissler*, 157 F.3d at 980. If the statute of limitations has not run, the SBA would have a right to bring an action in contract for enforcement of the mortgage. If enforcement of the mortgage requires profits from the sale of the Property conducted as a result of the judgment, the SBA would need a position in the order of liens to collect. The SBA's ability to protect its interest in the liens may be impaired.

### 4. Adequate Representation

The interests of Rural Development and Sookram were both represented in the judgment. Yet, no party represented the interest of the SBA's loans in the litigation. *See* J. of Feb. 14, 2002. One court indicated that when "intervention is of right, the would-be intervenor may be seriously harmed if he is not permitted to intervene, [thus] courts should be reluctant to dismiss a request for intervention [of right] as untimely." *Mountain Top*, 72 F.3d at 368.

Nonetheless, this matter was disposed of by final judgment in 2002, the SBA did not file a motion to intervene until 2006. The SBA has mentioned no extraordinary factors, and disputes less than $12,000, a relatively small amount.

### B. Motion to Correct Judgment

The SBA cites Federal Rule of Civil Procedure 60(a), and Title 28, Section 532 of the Virgin Islands Code as the legal basis on which it is entitled to a correction of the judgment. The only correction the SBA requests is for the court to amend the judgment to list it as a third priority lienholder. The SBA was not listed in the judgment because they were not added as a party in the earlier action.

Failure to intervene is not an error that occurs as a result of an oversight or omission. *See In re D.R.L., Inc.*, 109 B.R. 569, 570 (Bankr. R.I. 1990) ("[R]ule 60(a) is intended to correct clerical or mathematical mistakes, and may not be used to cure the fatal omission to join a party." (citing 6A J. MOORE, W. TAGGART, & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 60.06 (2d ed. 1987))). In the judgment, the Court intended to define the order of liens on Smith's property. Accommodating parties that failed to intervene was not part of the Court's original intention in the judgment. Rule 60 is not the correct avenue for this relief. *See Shaw v. AAA Eng'g & Drafting Inc.*, No. 03-6252, 138 Fed. Appx. 62, 2005 U.S. App. LEXIS 10947 (10th Cir. Jun. 8, 2005) (unpublished) (denying correction where applicant sought to join party because Rule 60(a) applies only to clerical errors and Rule 60(b) contains no provision to correct judgment to join parties).

## III. Conclusion

For the foregoing reasons, the motion to intervene will be denied and the motion to correct the judgment will be denied.